Randall B. Bateman (USB 6482)
Sarah W. Matthews (USB 13295)
BATEMAN IP LAW GROUP, P.C.
257 East 200 South, Suite 750
Salt Lake City, Utah 84111
Tel: (801) 533-0320/Fax: (801) 533-0323
Email: mail@batemanip.com, rbb@batemanip.com, sm@batemanip.com
Attorneys for Plaintiffs,
Melanie Reah and Denmel Holdings, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELANIE REAH, A citizen of South Africa; and DENMEL HOLDINGS, LLC, a Utah Limited Liability Company<br><br>Plaintiffs,<br><br>vs.<br><br>E&B GIFTWARE LLC, dba EB BRANDS,<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br><br>Case No.:_____<br><br>Judge: _____ |

Plaintiffs, Melanie Reah and Denmel Holdings, LLC ("Plaintiffs" or "Denmel"), hereby complain against Defendant, E&B Giftware LLC, dba EB Brands ("Defendant"), and allege as follows:

1.      Plaintiff, Melanie Reah is an individual that resides in Amanzimtoti, South Africa.

2.      Plaintiff, Denmel Holdings, LLC, is a limited liability company organized under the laws of the State of Utah.

1

3. Defendant, E&B Giftware LLC, dba EB Brands, is a limited liability company organized and existing under the laws of the State of Delaware, having a business address in Yonkers, New York.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, and 281, and due to diversity of citizenship. This Court has jurisdiction over the patent claims under 28 U.S.C. §§ 1331, 1332 and 1338(a).

5. Venue is proper in this district by virtue of 28 U.S.C. §§ 1391 and 1400 because, on information and belief, Defendant's acts of infringement took place and are taking place within this jurisdiction and because Defendant either resides in this District, can be found in this District or is otherwise subject to personal jurisdiction in this District by making, using, selling, offering for sale, or importing infringing product in this district, and/or inducing and contributing to infringement in this district.  Furthermore, Defendant has agreed to jurisdiction and venue in this jurisdiction.

## GENERAL ALLEGATIONS

6. On January 3, 2006, United States Patent No. 6,982,542 (the "'542 Patent") entitled "Accessory for Use with Mobile Telephones" was issued to Denis Reah, the sole inventor named therein.  A true and correct copy of the '542 Patent is attached hereto as <u>Exhibit A</u> and expressly incorporated herein.

7. Plaintiff, Melanie Reah is Denis Reah's widow and is the successor in interest of the '542 Patent.

8.	Plaintiff, Denmel Holdings, LLC, is the exclusive licensee to make, use, sell, import, or otherwise benefit from the rights granted by the '542 Patent in the United States.

9.	The subject matter of the '542 Patent relates to charging stations and/or valets ("Accessory" or "Accessories") for mobile telephones, PDAs, or other electronic devices.

10.	The scope of the claims of the '542 Patent encompass accessories which have structures to hold multiple mobile telephones, PDAs, or other electronic devices and their respective charging cables.  Accessories covered by the scope of the '542 Patent include a socket arrangement located on or in the accessory for plugging in the charging cables.  The socket arrangement located on or in the accessories can then be connected to an electrical power supply to recharge the electronic devices' batteries.

11.	The '542 Patent is valid and enforceable.

12.	On or about December 16, 2009, Plaintiffs filed a civil action, 2:09-CV-01107-CW against Defendant for Patent Infringement.

13.	Defendant resolved the lawsuit by entering into a Settlement Agreement with Plaintiffs on or about April 22, 2010.

14.	Defendant has continued selling devices which infringe the '542 patent in violation of the Settlement Agreement.

15.	Defendant has failed to mark product in violation of the Settlement Agreement.

16.	Defendant's sales of product which infringes the '542 Patent and in violation of the Settlement Agreement harms Plaintiffs' ability to profit from its licenses to others to sell product covered by the '542 patent.

17. On information and belief, Plaintiffs' damages exceed $75,000.00.

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT

18. Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 17 and further allege as follows:

19. Defendant entered into a Settlement Agreement on April 22, 2010 with Plaintiffs to resolve the prior litigation.

20. Defendant has breached the Settlement Agreement by continuing to sell product and by failing to mark the products sold pursuant to the terms of the Settlement Agreement.

21. Plaintiffs have been injured by Defendant's conduct in an amount to be determined at trial.

22. Plaintiffs are entitled to their attorneys' fees for enforcing the terms of the Settlement Agreement.

## SECOND CLAIM FOR RELIEF

## DIRECT INFRINGEMENT OF PATENT 35 U.S.C. § 271(a)

23. Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 17 of this Complaint as if fully set forth herein and further allege as follows:

24. The '542 Patent has at all times subsequent to its issue date been valid and fully enforceable.

25. Plaintiffs are, respectively, the owner and exclusive licensee of the '542 Patent.

26. On information and belief, Defendant makes, uses, sells, offers for sale, and/or

imports Infringing Products that come within the scope of one or more claims of the '542 Patent.

27. On information and belief, Defendant makes, uses, sells, offers for sale, and/or imports Infringing Products that come within a range of equivalents of the claims of the '542 Patent.

28. All making, using, selling, sale offerings, and/or importing of Infringing Products, by Defendant has been without authority or license from Plaintiffs and in violation of Plaintiffs' rights, thereby infringing the '542 Patent.

29. The amount of money damages which Plaintiffs have suffered due to Defendant's acts of infringement cannot be determined without an accounting, but Plaintiffs are entitled to at least a reasonable royalty for all Infringing Products made, used, sold, offered for sale, and/or imported by Defendant.

30. Further, harm to Plaintiffs arising from Defendant's acts of infringement is not fully compensable by money damages.  Rather, Plaintiffs have suffered, and continue to suffer, irreparable harm for which there is no adequate remedy at law and which will continue until Defendant's conduct is enjoined.

## SECOND CLAIM FOR RELIEF

### INDUCEMENT OF PATENT INFRINGEMENT 35 U.S.C. § 271(b)

31. Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 30 of this Complaint as if fully set forth herein and further allege as follows:

32. On information and belief, Defendant has actively induced, and is now inducing

others to make or use Infringing Products that come within the scope of one or more claims of the '542 Patent.

33. On information and belief, Defendant is aware of the '542 Patent and knowingly induced others to make or use Infringing Products in violation of Plaintiffs' rights under the '542 Patent.

34. On information and belief, Defendant has unlawfully derived, and continues to unlawfully derive income and profits by inducing others to infringe the '542 Patent.

35. On Information and belief, Plaintiffs have suffered and continue to suffer damages as a result of Defendant's inducement to infringe the '542 Patent.

36. The amount of money damages which Plaintiffs have suffered due to Defendant inducing others to infringe the '542 Patent cannot be determined without an accounting, but Plaintiffs are entitled to at least a reasonable royalty.

37. On information and belief, Plaintiffs have suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law because of Defendant's inducement of others to make and use products that infringe the '542 Patent, and will continued to be harmed unless Defendant is enjoined from further acts of inducement.

## THIRD CLAIM FOR RELIEF

### CONTRIBUTORY PATENT INFRINGEMENT 35 U.S.C. § 271(c)

38. Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 37 of this Complaint as if fully set forth herein and further allege as follows:

39. On information and belief, Defendant has sold, or has offered to sell within the United States, components of one or more claims of the '542 Patent which constitute a material component of the invention.

40. On information and belief, Defendant knew that such components were especially made or adapted for use in infringing one or more claims of the '542 Patent.

41. On Information and belief, Plaintiffs have suffered and continue to suffer damages as a result of Defendant's contributory infringement of the '542 Patent.

42. The amount of money damages which Plaintiffs have suffered due to Defendant's contributory infringement of the '542 Patent cannot be determined without an accounting, but Plaintiffs are entitled to at least a reasonable royalty.

43. On information and belief, Plaintiffs have suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law because of Defendant's contribution to others who make and use products that infringe the '542 Patent, and will continued to be harmed unless Defendant is enjoined from further such acts.

## FOURTH CLAIM FOR RELIEF

## INJUNCTIVE RELIEF 35 U.S.C. § 283

44. Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 43 of this Complaint as if fully set forth herein and further allege as follows:

45. As a result of Defendant's actions, Plaintiffs have suffered and will continue to suffer irreparable harm, including loss of goodwill and the loss of customers.

46.     Moreover, Defendant's actions have effectively barred Plaintiffs from entering the United States market and will continue to cause irreparable injury unless enjoined.

47.     The injury to Plaintiffs outweighs the harm an injunction may cause to Defendant.

48.     The order and injunction will not be adverse to the public interest.

49.     There is a substantial likelihood that Plaintiffs will prevail on the merits of the underlying claims, because the Infringing Products meet each element of at least one claim of the '542 patent.

## FIFTH CLAIM FOR RELIEF

## WILLFUL INFRINGEMENT 35 U.S.C. § 284

50.     Plaintiffs incorporate herein each and every allegation of paragraphs 1 through 49 of this Complaint as if fully set forth herein and further allege as follows:

51.     Defendant is aware of the '542 Patent and continues to make, use, sell, offer to sale, or import Infringing Products, and/or induce or contribute to infringement of the '542 Patent.

52.     Defendant knew or should have known their acts infringed the '542 Patent.

53.     Defendant has disregarded Plaintiffs' rights in the '542 Patent and continues to make, use, sell, offer for sale, and/or import Infringing Products, and/or induce or contribute to others making or using Infringing Products without authority or license from Plaintiffs.

54.     Defendant's willful infringement of the '542 Patent makes this an exceptional case, entitling Plaintiffs to receive treble damages and its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an Order, Judgment, and Injunction as follows:

A. On each of the Claims for Relief, for a judgment in favor of Plaintiffs and against Defendant, including an award of damages and injunctive relief as determined at trial or by the Court, including punitive or other exemplary damages, along with additional interest, costs, and attorney fees.

B. Judgment that Defendant breached the Settlement Agreement with Plaintiffs and for damages in an amount to be determined at trial.

C. Judgment that United States Patent No. 6,982,542 is valid and infringed by Defendant, and

  i. For damages for patent infringement in an amount to be determined at trial, such damages being not less than a reasonable royalty;

  ii. A finding that Defendant acted willfully in its infringement of the '542 Patent and for an award of treble damages pursuant to 35 U.S.C. § 284;

  iii. That Defendant, their agents, servants, employees, directors, and those persons in active concert or participation with them, individually and/or jointly, be enjoined under 35 U.S.C. § 283 from further violation of Plaintiffs' patent rights or such terms as the Court deems reasonable, including, without limitation, that Defendant ceases making, selling, offering to sell, or distributing, the Infringing Goods and any other products which infringe the '542 Patent;

  iv. That Defendant be ordered to file with this Court and serve on Plaintiffs within thirty (30) days after service on Defendant of the injunction granted herein, or such extended

period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction and order of the Court;

    v.    That Defendant be ordered to pay Plaintiffs' attorneys' fees and costs and disbursements for this action under 35 U.S.C. § 285; and

    vi.    That Defendant be required to pay pre-judgment and post-judgment interest until such awards are paid.

    D.    That Defendant cease using all marketing or advertising materials reflecting the Infringing Goods.

    E.    That Defendant destroy all materials using or containing the Infringing Goods and all advertisements in their possession or control.

    F.    That Defendant recall all labels, signs, prints, packages, advertisements, promotional and/or marketing materials that reflect the Infringing Goods.

    G.    That Defendant shall notify all affiliates which market or sell the Infringing Goods of this Court's order.

    H.    That Defendant place a corrective statement in each venue, and through each form of media, where Defendant made or promulgated advertisements reflecting the Infringing Goods.

    I.    That Defendant provide a copy of the Order of this Court to all consumers identified through reasonable efforts who received Infringing Goods.

    J.    That Defendant be prohibited from continuing the unlawful conduct as set forth above in this Complaint.

K.	That Defendant and its officers, agents, servants, employees, and attorneys, and those persons in active concert of participation with them, who receive actual notice of the Court's injunction by personal service or otherwise, be first preliminarily, and thereafter permanently, enjoined and restrained, as requested above.

L.	That Defendant be adjudged jointly and severally liable for the damages Plaintiffs have sustained as a result of Defendant's actions.

M.	Plaintiffs further pray for all other damages to which it is entitled for any of their claims, including without limitation actual damages, exemplary damages, consequential damages, incidental damages, punitive damages, lost profits, and damages for intangible injuries as this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims for relief and all issues so triable.

DATED: September 3, 2013.

        BATEMAN IP LAW GROUP, PC

        /s/ Randall B. Bateman
        Randall B. Bateman
        Sarah W. Matthews

        *Attorneys for Plaintiffs*
        Melanie Reah and Denmel Holdings LLC